UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THUY P. JOSEPH,<br><br>    Plaintiff,<br><br>v.<br><br>BOISE STATE UNIVERSITY, and IDAHO HUMAN RIGHTS COMMISSION,<br><br>    Defendants. | Case No. 1:12-cv-00267-EJL-MHW<br><br>**REPORT AND RECOMMENDATION AND ORDER** |

Pending before the Court is Defendants' Motion to Dismiss (Dkt. 7). On December 10, 2012, this case was referred to the undersigned for all pretrial matters. *Order of Reference*, Dkt. 17. Having reviewed the record and having held oral argument on February 8, 2013, the Court grants the Motion to Dismiss in part as to Boise State University, with leave to amend the Complaint, and recommends that the Motion to Dismiss be granted as to the Idaho Human Rights Commission, without leave to amend the Complaint.

**REPORT AND RECOMMENDATION AND ORDER - 1**

# REPORT

## 1. Background

Plaintiff is of Vietnamese origin and, as stated at oral argument, moved to the United States in the mid-1990s. Her Complaint is lengthy and difficult to follow. However, her responses to the Court's questions at oral argument somewhat clarified the issues raised in the Complaint.

Plaintiff was a student at Boise State University ("Boise State") from 2005-2011 studying pre-pharmacy and graduated with a Bachelor of Science degree in May 2011. She claims that the treatment she received at Boise State during her last two years was "discriminatory, humiliating and profound (sic) unlawful." At the hearing, Plaintiff indicated that she had no other problems, discriminatory or otherwise, prior to that time with the her professors and administrators.

Plaintiff alleges numerous issues that she had with several individuals at Boise State and with the process at the Idaho Human Rights Commission ("IHRC"). Rather than detailing them all, the Court will recite only a representative sampling of those issues and incidents sufficient to state the gist of her Complaint.

As described more fully below, Plaintiff complained to her professors, attempted to address her issues administratively, and ultimately filed a discrimination claim with the IHRC where she found the investigation to be insufficient and biased. Plaintiff alleges that she suffered extreme physical and emotional stress during the relevant time period as a result of actions of her professors, the Boise State administration, and the IHRC. She

**REPORT AND RECOMMENDATION AND ORDER - 2**

does not specify the relief she is seeking against either entity.

### A. Boise State University

Although her Complaint details issues with various individuals at Boise State, Plaintiff complains primarily of discriminatory and retaliatory actions by Professor Linda Osgood (Pathophysiology) and Professor Hannah Lee (Epidemiology) and her inability to obtain internship credits because her advisor, Glenda Hill, had neglected to sign and process the necessary paperwork in a timely fashion.

#### *(1) Professor Osgood*

Plaintiff alleges that she was the only Asian individual in Professor Osgood's Pathophysiology class. She describes various issues she had with Professor Osgood's tests due to a "conflict of information," her inability to get a satisfactory response from Professor Osgood to her concerns, difficulties in getting approval to retake a test, and Professor Osgood's failure to follow her syllabus. Plaintiff alleges that Professor Osgood responded to other students' questions and otherwise treated her differently from other students in her class.

Plaintiff's issues with Dr. Osgood caused her to spend her December holidays in "nightmare and emotional stress." Upon return in January, she met with the chair of her department, various associate deans, and the dean of the Health Sciences Department attempting to have her issues addressed. While she acknowledges that meetings were held and certain actions were taken by Boise State in an attempt to resolve her issues, Plaintiff claims that Boise State "did not use [her] complaints to make significant changes

**REPORT AND RECOMMENDATION AND ORDER - 3**

in the organization and structure of the class as [they] claimed." Rather, Boise State granted Professor Osgood tenure despite the fact that she was not following the syllabus or being responsive to Plaintiff's concerns.

It appears that Plaintiff attempted to go through an appeals process. Eventually, the Director of Affirmative Action told her she should file a complaint for retaliation against the vice-provost. When she subsequently went to the Director's office in an attempt to do so, she was told that the Director did not want to see her. Therefore, she filed her complaint with the IHRC.

### (2) *Professor Lee*

Plaintiff had similar issues with Professor Lee and alleges that Professor Lee graded her essays more harshly than she graded the essays of other students and that she was otherwise treated differently from other students in her class. There was also an issue with an assignment "lost" by Professor Lee. Plaintiff alleges that the professors and the Boise State did not follow their own policies.

Plaintiff filed a formal complaint with the Academic Grievance Appeals Committee through Leslie Webb. She advised Ms. Webb that she was unable to appear at the time set for the appeals committee hearing because she was traveling. Despite representations that the process would be continued after her return, the appeal was decided without her participation. Plaintiff alleges that various people lied to her throughout the process. She feels that the Boise State tried to "cover, protect and encourage the faculty of wrongdoing" and did not comply with its policy.

**REPORT AND RECOMMENDATION AND ORDER - 4**

### (3)   *Glenda Hill*

Glenda Hill was Plaintiff's advisor from 2005-2011. The relationship worked well for several years. However, in the spring of 2010, Ms. Hill told Plaintiff she (Ms. Hill) had miscalculated the number of Plaintiff's credits and that Plaintiff needed two more credits to graduate. Allegedly, Ms. Hill's failure to sign Plaintiff's internship form caused the credit shortage. Plaintiff appealed the denial of credits for the internship. She was later told that she could receive the credits if she paid $504. She eventually took a class at the University of Montana Western to obtain the necessary credits to graduate in May of 2011.

### B.   Idaho Human Rights Commission

After Plaintiff filed her complaint with the IHRC, Ms. Goodman was assigned to her case. She was very helpful, kept Plaintiff apprised of her case, and gave her some valuable advice. However, the case was subsequently transferred to Mr. Burlile. According to Plaintiff, he did not start investigating her case for several months, he did not advise her that Boise State had filed a response, he conducted only a short telephonic interview with her, and he concluded that she failed to provide any evidence that she was treated any differently than non-Asian students.

Plaintiff alleges that Mr. Burlile did not allow her to respond to Boise State's statement and did not follow IHRC policy. In sum, she alleges that IHRC did not give her an adequate opportunity to present her position, did not adequately investigate, and favored Boise State because Mr. Burlile was a Boise State alumnus.

**REPORT AND RECOMMENDATION AND ORDER - 5**

2.	**Motion to Dismiss**

Defendants filed the pending Motion to Dismiss seeking dismissal under Fed. R. Civ. P. 12(b)(5) for failure to effect proper service and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. More specifically, Defendants note that the Complaint "ranges the continuum of extremely difficult to impossible" to comprehend in contravention of Rule 8(a)'s requirement that the complaint contain a short and plain statement of the facts, does not assert a specific cause of action, and does not contain a statement or claim for damages.

A.	**Insufficient Service under Rule 12(b)(5) and 4(j)(2)**

The Federal Rules of Civil Procedure provide that a complaint may be dismissed for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). As Defendants contend, a state and state-created governmental organizations must be served in accordance with Rule 4(j)(2) which provides for service by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).

It appears that Plaintiff attempted to comply with Rule 4(j)(2)(B) by following Idaho law for serving the state or state-created governmental agencies. As Defendants note, she served a Deputy Attorney General at the Attorney General's Office in an effort

to serve Boise State, and the IHRC's Deputy Attorney General in an effort to serve the IHRC. However, she neglected to serve the Secretary of State as required by Idaho Code § 6-916.

Plaintiff advised at the hearing that she had sought the advice of the Idaho State Bar and others regarding service of process, and the Court has no doubt that she made a good faith effort to serve both entities properly. Nevertheless, the service was insufficient according under Rule 4(j)(2)(B). However, because of the resolution of the Motion to Dismiss on Rule 12(b)(6) grounds, this issue is moot. The Court will direct Plaintiff to properly serve her Amended Complaint on Boise State which will cure the defect. If Judge Lodge follows the Court's recommendation that the cause of action against the IHRC be dismissed pursuant to Rule 12(b)(6) without leave to amend the Complaint, the service issue will be irrelevant. If he grants leave to amend, then the Court assumes he would direct Plaintiff to make proper service.

### B. Failure to State a Claim under Rule 12(b)(6)

#### (1) *Standard of Law*

A complaint must be consistent with Federal Rule of Civil Procedure 8(a) which provides that a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

**REPORT AND RECOMMENDATION AND ORDER - 7**

>> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

The purpose of the Rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. Even though a court must accept as true all of the allegations contained in a complaint, that principle is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Where a plaintiff is proceeding pro se, the complaint must be liberally construed and she must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the complaint can be saved by amendment, then the plaintiff should be notified of the deficiencies and provided an opportunity to amend. *See Jackson v. Gray*, 353 F.3d 750, 758 (9th Cir. 2003). However, as noted by the Supreme Court in *Ashcroft v. Iqbal*, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). The pleading standard in Fed. R. Civ. P. 8

requires more than "'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 557 (2007)).

### (2) *Discussion*

Defendants argue that Plaintiff's Complaint fails to comply with the provisions of Rule 8(a) and thus fails to state a cause of action. The Court agrees. While the Complaint contains extensive detail and supporting documentation, it is quite difficult to understand. It is the antithesis of Rule 8's requirement that the complaint contain a "short and plain statement of the claim." Indeed, it is only possible to begin to understand the claims by reference to Plaintiff's Response to the Motion to Dismiss, which contained more clear explanations of her issues, and to her argument at the hearing. Nevertheless, the Court cannot look to facts and allegations offered in response to a motion to dismiss to cure the defects in a challenged complaint. *See Schneider v. Calif. Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Although the Complaint mentions alleged discriminatory treatment, it does not assert a basis for the Court's jurisdiction as required by Rule 8(a)(1). It does not assert the nature of the claim as required by Rule 8(a)(2). Finally, it does not specify the relief sought as required by Rule 8(a)(3).

Given the deficiencies in the Complaint, Defendants speculated that Plaintiff was attempting to state a cause of action under 42 U.S.C. § 1983, the Civil Rights statute, based on racial discrimination. Defendants then offered several grounds for dismissal under § 1983 including Eleventh Amendment immunity given that both Boise State and

**REPORT AND RECOMMENDATION AND ORDER - 9**

IHRC are arms of the State of Idaho; failure to allege that Defendants acted under color of state law; and lack of evidence of a deprivation of a privilege, immunity, or right protected under federal law or the United States Constitution. The Court agrees with Defendants' analysis. However, as discussed at the hearing, Plaintiff was more likely attempting to state a cause of action under Title VI.

Section 601 of Title VI of the Civil Rights Act of 1964 provides, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. *See Colwell v. Department of Health & Human Services*, 558 F.3d 1112, 1116 (9th Cir. 2009). "Private individuals may sue to enforce § 601 of Title VI and obtain both injunctive relief and damages." *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). "Section 1003 of the Rehabilitation Act Amendments of 1986, 100 Stat. § 1845, 42 U.S.C. § 2000d-7, expressly abrogated States' sovereign immunity against suits brought in federal court to enforce Title VI and provided that in a suit against a State 'remedies (including remedies both at law and in equity) are available . . . to the same extent as such remedies are available . . . in the suit against any public or private entity other than a State,' § 2000d-7(a)(2)." *Id*. at 280. Title VI prohibits intentional discrimination only. *Id*. *See also Alexander v. Choate*, 469 U.S. 287, 293 (1985).

In addition to alleging the statutory prerequisite that a defendant receives federal financial assistance, to state a claim under Title VI, a plaintiff must plead "that the

**REPORT AND RECOMMENDATION AND ORDER - 10**

defendant discriminated against [her] on the basis of race . . . that the discrimination was intentional . . . and that the discrimination was a 'substantial' or 'motivating factor' for the defendant's actions." *Tolbert v. Queens College*, 242 F.3d 58, 69 (2d Cir. 2001)(internal citations omitted).

Here, the Complaint is subject to dismissal for all of the reasons cited by Defendants. However, it is subject to dismissal even if construed to be asserting a Title VI claim. The Complaint does not specifically assert that Plaintiff is proceeding under Title VI thus providing grounds for the Court's jurisdiction. Her allegations of discriminatory treatment based on race are generalized and conclusory against Boise State and non-existent against the IHRC. She has not pleaded facts sufficient to infer that discrimination was a substantial or motivating factor in Boise State's actions. She has not specified in her Complaint the damages she has suffered although she alluded to them at the hearing. Accordingly, the Complaint is subject to dismissal.

      **(3)**    *Leave to Amend*

As stated above, the Court is required to freely grant leave to amend, especially to a pro se plaintiff, when it appears that any deficiencies may be cured by amendment. Here, it appears that Plaintiff could amend the Complaint to state a cause of action against Boise State[1] under Title VI and to comply with Rule 8(a)'s mandate of a short and

---

[1] The Court can assume that Boise State receives federal financial assistance as that term is used in Title VI. The term has been expansively read to apply where an educational institution's students receive federal loans or benefits. *See Radcliff v. Landau*, 883 F.2d 1481 (9th Cir. 1989)(per curiam)(citations omitted).

**REPORT AND RECOMMENDATION AND ORDER - 11**

plain statement of the Court's jurisdiction and her claim and therefore grants leave to do so.  It is not necessary to provide detailed accounts of her issues with Boise State and her attempts to administratively deal with those issues.  However, Plaintiff must allege specific facts that tend to show that she was treated differently from other non-Asian individuals primarily because of her race.  Plaintiff should be aware that Boise State will not be precluded from moving to dismiss the Amended Complaint for failure to state a cause of action if it determines that the Amended Complaint is deficient in any way.

With respect to her cause of action against IHRC, the Court finds that the deficiencies in the Complaint cannot be cured by amendment.  Plaintiff essentially is dissatisfied with the IHRC's handling of her claim.  She does not allege any racial discrimination against the IHRC.  Furthermore, the IHRC does not appear to be a proper defendant in a Title VI action given that the claims process of the IHRC would not be considered to be a program receiving federal financial assistance.

## RECOMMENDATION

Based on the foregoing, and the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS** that:

1. Defendants' Motion to Dismiss (Dkt. 7) be **GRANTED** and that Plaintiff's Complaint against the Idaho Human Rights Commission be **DISMISSED** in its entirety without leave to amend.

2. Written objections to this Recommendation must be filed within fourteen

**REPORT AND RECOMMENDATION AND ORDER - 12**

(14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit. Each party shall then have ten (10) days to respond to the other party's objections. No replies to the responses need be filed.

## ORDER

**IT IS ORDERED** that:

1. Defendants' Motion to Dismiss (Dkt. 7) be **GRANTED IN PART** and that Plaintiff's Complaint against Boise State University be **DISMISSED** with leave to amend the Complaint as discussed above.

2. Plaintiff shall file an Amended Complaint within thirty (30) days from the date of this Order. Failure to do so will result in the Court's recommending to the District Judge that the action against Boise State University be dismissed without further notice.

3. If Plaintiff chooses to file an Amended Complaint, she shall serve it on Boise State University in accordance with Federal Rule of Civil Procedure 4(j)(2)(B).

DATED: February 15, 2013

Honorable Mikel H. Williams
United States Magistrate Judge

REPORT AND RECOMMENDATION AND ORDER - 13