UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THUY P. JOSEPH,<br><br>                    Plaintiff,<br><br>        v.<br><br>BOISE STATE UNIVERSITY, et al.,<br><br>                    Defendants. | Case No. 1:12-cv-00267-EJL-MHW<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

On March 15, 2013, United States Magistrate Judge Mikel H. Williams issued a

Report and Recommendation and Order in this matter. (Dkt. 24, 25.) The Report and

Recommendation and Order sets forth the underlying factual and procedural history of the

case and recommends that the Defendants' Motion to Dismiss be granted in part as

follows: the case be dismissed as to the claims raised against the Idaho Human Rights

Commission with no leave to amend being granted and that the claims against Boise State

University be dismissed but with leave to amend being granted. (Dkt. 24, 25.) Pursuant to

28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to

the Report and Recommendation. No objections were filed by the parties and the time for

doing so has passed.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz,* 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi,* 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz,* 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 2**

Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, no objections were filed so the Court is not required to conduct a *de novo* determination of the Report and Recommendation. The Court has, however, reviewed the Report and Recommendation and Order as well as the record in this matter and finds no clear error on the face of the record. The Magistrate Judge properly set forth the law applicable to the Motion to Dismiss and has appropriately applied the law to the facts and circumstances of this case. For the same reasons articulated by the Magistrate Judge, this Court too finds that the Complaint fails to raise a discrimination claim under either § 1983 or Title VI. (Dkt. 1.) Furthermore, the Court agrees with the Magistrate Judge's conclusion that any amendment as to the claims against the Idaho Human Rights Commission would be futile but that leave to amend is warranted as to the claims against Boise State University.

In sum, the Court finds the Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same. Accordingly, the Court will adopt the Report and Recommendation and will grant the Defendants' Motion to Dismiss as stated therein. Leave to amend is denied as to the claims against the Idaho Human Rights Commission but granted as to the claims against Boise State University. As ordered by the Magistrate Judge, Plaintiff shall file an Amended Complaint within thirty days from the date of that Order or risk dismissal of this action without further notice. (Dkt. 24, 25.) Furthermore, Plaintiff shall serve any

**ORDER ADOPTING REPORT AND RECOMMENDATION - 3**

such Amended Complaint upon Boise State University in accordance with Federal Rule

of Civil Procedure 4(j)(2)(B) as directed by the Magistrate Judge. (Dkt. 24, 25.)

ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and

Recommendation (Dkt. 24) shall be **INCORPORATED** by reference and **ADOPTED** in

its entirety.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt. 7) is

**GRANTED** as follows:

1) Plaintiff's Complaint against the Idaho Human Rights Commission is
**DISMISSED** in its entirety without leave to amend.

2) Plaintiff's Complaint against Boise State University is **DISMISSED** with
leave to amend the Complaint being **GRANTED**. Any Amended Complaint
shall be filed within thirty (30) days from the date of the Magistrate Judge's
Order (Dkt. 24, 25) as stated therein.

DATED:  **March 7, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION - 4**