UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

THUY P. JOSEPH,

                    Plaintiff,

        v.

BOISE STATE UNIVERSITY, et al.,

                    Defendants.

Case No. 1:12-cv-00267-EJL-MHW

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

On August 13, 2013, United States Magistrate Judge Mikel H. Williams issued a

Report and Recommendation ("Report"), recommending that Defendant Boise State

University's Second Motion to Dismiss be granted. Any party may challenge the Magistrate

Judge's proposed recommendation by filing written objections within fourteen days after

being served with a copy of the Report. 28 U.S.C. § 636(b)(1)(C). The district court must

then "make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *Id.* The district court may accept,

reject, or modify in whole or in part, the findings and recommendations made by the

magistrate. *Id.*; *see also* Fed. R. Civ. P. 72(b).

Plaintiff filed objections to the Report arguing 1) the Magistrate Judge misinterpreted Plaintiff's allegation, 2) leave to amend should be granted, 3) substantial evidence exists showing the Plaintiff was treated differently based on her race, 4) Boise State University failed to comply with the guidelines set forth by the Department of Health and Welfare, and 5) the Magistrate Judge improperly granted the Motion to Dismiss. (Dkt. 41.)[1] The Court has considered the Plaintiff's contentions and filings and conducted a *de novo* review of the record and, upon that basis, finds as follows.[2]

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

---

[1] Plaintiff's objections include an attachment in the form of a letter written by Boise State University's Human Resource Services to the Idaho Human Right's Commission. (Dkt. 41-1, Att. 1.) The letter is Boise State University's response to the Plaintiff's charge against it filed with the Idaho Human Right's Commission. The Court has reviewed this document as well as the entire record in this case before rendering this decision.

[2] The Plaintiff has also filed a Motion to Seal. (Dkt. 42.) In light of the Court's ruling herein, the Motion to Seal (Dkt. 42) is administratively terminated.

The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, Plaintiff has filed objections and, therefore, the Court has conducted a *de novo* review of those portions of the Report. The Court has also reviewed the entire Report as well as the record in this matter for clear error on the face of the record and finds as follows.

**Discussion**

Plaintiff's first objection takes issue with the Report's conclusion that Defendants' failure to respond to the Plaintiffs' questions was anything more than an misunderstanding. (Dkt. 41 at 4.) Plaintiff counters that the actions here were not a misunderstanding and goes on to raise the same arguments made previously as to the actions of the Defendants. Further, Plaintiff maintains that there is substantial evidence of race discrimination and that Boise State University failed to comply with the Department of Health and Welfare guidelines. (Dkt. 41 at 10-12.)

This Court has reviewed the materials submitted in the record and agrees with the Report's determination that the Plaintiff has not stated a plausible claim of race discrimination. (Dkt. 40 at 23.) Simply, Plaintiff has not shown that race was a motivating factor behind the actions or inactions of Defendants in their conduct towards the Plaintiff. The emails and other materials attached to the Amended Complaint do not support the Plaintiff's conclusory allegations or state plausible claims for relief under a federal statute.

Moreover, having reviewed the Second Motion to Dismiss, briefing, and the entire record in these matters, the Court finds the Report has correctly decided the Motion. The sum and substance of the Plaintiff's objections are the same arguments made in her original briefing on the Second Motion to Dismiss. The Magistrate Judge addressed these arguments and decided the issues presented in the Motion consistent with this Court's own view of the record. Having reviewed the parties' briefing and the record herein and for the reasons stated in the Report, the Court agrees with Magistrate Judge Williams' conclusions and will grant

the Second Motion to Dismiss. Furthermore, the Court is in agreement with the Report that the claims against the individual Defendants should be dismiss and that the Court should not exercise supplemental jurisdiction over any remaining state law claims.

The Court also agrees with the Report's conclusion that no further leave to amend should be granted. In her objections, Plaintiff seeks leave to amend the complaint a second time stating that she will condense the allegations, note the deficiencies, follow the guidelines of Rule 8(a), and provides a summary of the amended complaint. (Dkt. 41.) The Court has carefully considered this request, particularly in light of the fact that Plaintiff is *pro se* and the principles of Rule 15. *See* Fed. R. Civ. P. 15(a) (providing that leave to amend "shall be freely given when justice so requires."). Having done so, the Court finds that granting further leave to amend would be futile in this case. For the reasons stated in the Report, the Court finds that Plaintiff simply has not stated a plausible claim for relief under the federal statues.

## ORDER

Having conducted a *de novo* review of the Report and Recommendation, this Court finds that Magistrate Judge Williams' Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Williams, and this Court being fully advised in the premises;

**IT IS HEREBY ORDERED** that the Report and Recommendation entered on August 13, 2013 (Dkt. 40), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS HEREBY ORDERED** that Defendant's Second Motion to Dismiss (Dkt. 31) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** against all Defendants. The Motion to Seal (Dkt. 42) is **ADMINISTRATIVELY TERMINATED**.

DATED:  **February 21, 2014**

Honorable Edward J. Lodge
U. S. District Judge